IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NATIONAL ASSOCIATION OF LETTER CARRIERS, BRANCH NO. 155, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) CIVIL NO. 10-374-GPM ) |
| UNITED STATES POSTAL SERVICE, | ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on February 7, 2011, for a hearing on Defendant United States Postal Service's motion for judgment on the pleadings. For the reasons fully set forth on the record during the hearing and summarized herein, the motion is granted.

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the complaint and answer have been filed by the parties. *See* FED. R. CIV. P. 12(c); *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). After reviewing the pleadings, the Court finds that Plaintiff has failed to satisfy a condition precedent to filing this action – specifically, it failed to exhaust the grievance and arbitration procedures established in the applicable collective bargaining agreement.[1] Plaintiff did not pursue its grievances through to arbitration as required under the agreement, and the Court does not read an implied claim for into the statute governing judicial enforcement, 29 U.S.C. § 185. Plaintiff asks the Court to read the

---

[1] The Court need not decide whether the national or local union is the proper party to pursue the grievances or to seek judicial enforcement of the agreement.

terms of the agreement and consider whether they are reasonable in light of directives issued by Defendant's officials and manuals promulgated by the parties.  But this Court cannot rewrite the parties' agreement, and under the agreement, Plaintiff is required to arbitrate Defendant's failure to comply with the settlement agreements.

While the Court does have subject matter jurisdiction over an action seeking judicial enforcement of a contract between the Postal Service and a labor organization, *see* 39 U.S.C. § 1208, once this Court determines that an issue is arbitrable and, as here, that arbitration procedures were not exhausted, it can go no farther in reviewing the dispute.  *See generally Niro v. Fearn Int'l Inc.*, 827 F.2d 173, 175-76 (7th Cir. 1987).  Accordingly, Defendant's motion for judgment on the pleadings (Doc. 30) is **GRANTED**, and this action is **DISMISSED without prejudice** to Plaintiff pursuing its claims through the grievance process.

**IT IS SO ORDERED.**

DATED:   02/08/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge